*Grant & Sieber,* for plaintiff in error.

*Rogers, Rowley, Bradley & Rockwell,* for defendant in error.

## CUSTOM AS TO COMMISSION MERCHANTS' AGENTS GUARANTEEING PRICE.

[Circuit Court of Cuyahoga County.]

THE MAHLER-WOLF PRODUCE COMPANY v. FERD. MEYERS.

Decided, February 29, 1904.

*Agency—Scope of Authority of Traveling Solicitor for Commission Firm—Guarantee by Agent of Net Price for Fruit Shipped—Not Binding on His Principals—In the Absence of a Showing of Custom.*

A produce commission firm sent out a traveling agent to solicit a consignment of peaches on a strictly commission basis; being unable to obtain fruit at a certain town without guaranteeing it should net the shipper a certain price, he gave such guarantee and fruit was shipped thereunder, but without notice thereof to the consignee and without inquiry on the part of the shipper as to the agent's authority to make the guarantee; in the absence of any evidence showing a usage or custom of the produce commission business to make such guarantees—*Held;* That the guarantee was not within the scope of the agent's authority, and his principal was not bound by it.

Winch, J.; Hale, J., and Marvin, J., concur.

Error to the court of common pleas.

This case involves the application of the law of agency.

It appears that in 1897 plaintiff in error was engaged in the produce commission business in the city of Cleveland, and sent one Sidney Kirton to Mifflin, Pa., to solicit shipment of peaches to be sold by plaintiff in error on commission in Cleveland. Kirton found he could get no peaches shipped from Mifflin without a guarantee that they would bring a certain price; he thereupon procured Ferd. Meyers, defendant in error, to ship two car loads of peaches to the firm in Cleveland, guaranteeing that Meyers should net at least eighty cents a crate for the first car load and sixty cents a crate for the second car load.

The peaches were sold in Cleveland, and, after deducting freight and commissions, the balance was paid Meyers, but this balance was some $400 less than the amount guaranteed by Kirton, and in 1900 Meyers brought suit in the Common Pleas Court of Cuyahoga County, Ohio, against The Mahler-Wolf Produce Company, and recovered a verdict for the amount he claimed, and judgment was rendered on the verdict. On the trial it was shown that the produce company had never authorized Kirton to make the guarantee claimed, and had no knowledge that he had made such guarantee until the suit was brought.

It was further shown that Kirton was employed as a traveling agent, his express authority being to solicit consignments of fruit on a commission basis only; that his firm had never purchased fruit or given any guarantee and no evidence was introduced as to the custom or usage of the business.

Plaintiff in error claims the judgment should be reversed because the verdict is not sustained by sufficient evidence; that is, the agent was without express authority to guarantee what the peaches would bring; he had no authority to so guarantee, implied from the nature of the business, and therefore Kirton exceeded his authority and the produce company is not bound by his guarantee.

Defendant in error says that Kirton could not have bought peaches at Mifflin without the guarantee and therefore the power

to guarantee must be considered incident to and implied from his employment.

Both parties quote the law of agency as applicable to this case, from 1 Am. & Eng. Enc. of Law, 985 to 997.

"A principal is bound by the acts of the agent, whether general or special, within the authority he has actually given him, which includes not only the precise act which he expressly authorizes him to do, but also whatever usually belongs to the doing of it, or is necessary to its performance. Beyond that he is bound by the acts of the agent within the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing.

"The principle is elementary and uniform that a power given an agent in a transaction carries with it the authority to do whatever is usual and necessary to carry into effect the principle power.

"Parties in entering into contracts are presumed to have in view the established usages and customs of the particular trade or business with reference to which they are contracting. Third parties in dealing with an agent have a right, therefore, to presume that he has been clothed with all the powers with which, according to the custom of that particular business, similar agents are clothed.

"The authority of a general agent is not unlimited, but must necessarily be restricted to the transactions and concerns within the scope of the business of the principal, and if he exceeds the authority, the principal is not bound.

"It is the duty of all parties dealing with an agent to inquire into the nature and extent of his authority, and deal with him accordingly."

Let us apply the above principles of law to the facts of this case:

The agent had no *express* authority to make the guarantee; it can not be said to be within his *apparent* authority, for such guarantees are not usual or necessary in the carrying on of a commission business. Had the proof shown that plaintiffs in error, in addition to their business as factors, sometimes made purchases on their own account, by themselves or through agents, or even that such purchases were made or guarantees given by men in the commission business, there would, perhaps, be some ground upon which to hold the plaintiff in error for the unauthorized guarantee of its agent.

But counsel for defendant in error calls attention to the fact that the agent could procure no peaches in Mifflin without the guarantee. From this it is argued that the guarantee was necessary to doing any business in that town, and that the agent's mission there would have been fruitless and his employer's time and money wasted, if the guarantee had not been made—hence the authority to guarantee became necessary to the accomplishment of the duties of the agent.

The proposition is not sound. The agent was hired to procure goods to be sold upon commission; the sole business of plaintiff in error was to sell goods on commission. Adopting the contention of counsel for defendant in error, makes the transaction practically one of sale and purchase; indeed the petition is framed on that theory, suit being for balance due on an account for peaches at eighty cents and sixty cents a crate. In no sense can the guarantee be held necessary to the carrying on of a commission business, however necessary it might be in the sale and purchase of goods.

Further, it was *not* shown that the produce company knew of the conditions on which alone peaches would be shipped from Mifflin. It *was* shown that defendant in error made no inquiries into the nature and extent of the agent's authority, although he knew the business his principal was engaged in. ''Third parties dealing with an agent are put upon their guard by the very fact, and do so at their own risk'' (1 Am. & Eng. Enc. of Law, 987). If Ferd. Meyers before shipping the peaches had telegraphed his consignee he would not have been deceived by the guarantee which he claims the agent made him. The plaintiff in error should not be prejudiced by this neglect of Ferd. Meyers.

We hold that the agent had no authority, express or implied, to make the guarantee relied upon by defendant in error, and that it was not binding upon the plaintiff in error, it never having ratified the same.

The conclusion here reached is the same as was reached in the case of *Quinn* v. *Carr*, 4 Hun., 259, where it appears that a commission house sent its agents into the country to solicit consignments of produce on commission, and the agent guaranteed a shipper that his butter would bring a certain price. The court

held that such guarantee was not within the scope of his authority.

Defendant in error having failed to prove the agent's authority, the verdict should have been for the defendant below, and for error in overruling the motion to direct a verdict for defendant and in overruling the motion for a new trial, on the ground that the verdict was against the weight of the evidence, the judgment is reversed.

*Hord & Lowenthal,* for plaintiff in error.

*Johnson & Dunlap,* for defendant in error.

---

**PAYMENT AS AN AFFIRMATIVE DEFENSE.**